UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, AND FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 06-8101<br>EASTERN DISTRICT OF LOUISIANA<br><br>JUDGE DONALD E. WALTER<br><br>MAGISTRATE ALMA L. CHASEZ |

**BUILDING CONSULTING ASSOCIATES, INC.'S**
**MEMORANDUM IN SUPPORT OF**
**MOTION TO QUASH SUBPOENA *DUCES TECUM***

COMES NOW Buildings Consulting Associates, Inc. and in support of its Motion to Quash to quash the Board of Commissioners of the Port of New Orleans' subpoena *duces tecum* issued to Buildings Consulting Associates, Inc. states as follows:

**A. Introduction**

1. Plaintiff is the Board of Commissioners of the Port of New Orleans (hereinafter referred to as "the Port"); Defendant is Factory Mutual Insurance Company (hereinafter referred to as "FMIC").

2. The Port filed suit against FMIC for FMIC's alleged breach of an insurance policy between the parties in the Eastern District of Louisiana, Civil Action No. 06-8101.

3. The Port filed a subpoena duces tecum for the production and inspection of documents on Buildings Consulting Associates, Inc. In the subpoena, the Port requested that Buildings Consulting Associates, Inc. comply with the subpoena on or before May 19, 2008.

4. On April 11, 2008 FMIC produced the entire file of Buildings Consulting Associates, Inc. that related to this litigation in native format and scanned hard copy. Yet the Port has now

subpoenaed this non-party directly requesting almost identical information in addition to requesting oppressive and burdensome fields be hand notated on each document.

5. Buildings Consulting Associates, Inc. asks this Court to quash the subpoena *duces tecum*.

### B. Argument

6. A court must, on timely motion, quash or modify a subpoena if the subpoena (1) does not allow reasonable time for compliance, (2) requires disclosure of privileged or protected material and no exception or waiver applies, or (3) subjects a person to undue burden. FED. R. CIV. P. 45(c)(3)(A).

7. The Rules require service to be issued by a person at least 18 years old. FED. R. CIV. P. 45(b)(1).

8. A court may quash or modify a subpoena to protect a person subject to or affected by the subpoena if the subpoena (1) requires disclosure of electronically stored information not reasonably accessible because of undue burden and costs, (2) requires disclosure of a trade secret or other confidential information, (3) requires disclosure of an un-retained expert's opinion or information not made at a party's request, or (4) requires a nonparty to incur substantial expense to travel more than 100 miles to attend trial. FED. R. CIV. P. 45(c)(3)(B).

9. Buildings Consulting Associates, Inc. files this motion before the time for compliance. *See* FED. R. CIV. P. 45(c)(3)(A); *Winchester Capital Mgmt. Co. v. Manufacturers Hanover Trust Co.*, 144 F.R.D. 170, 175-76 (D. Mass. 1992).

10. The Court must quash, or in the alternative, modify the Port's subpoena duces tecum for the following reasons:

a. In this case, the subpoena was served by DHL courier service by an unknown person of unknown age on one Stanley J. Nieminski, an independent accountant who is not an agent, employee or representative of Buildings Consulting Associates, Inc. Thus, Buildings Consulting Associates, Inc. has not been served.

b. The subpoena does not allow a reasonable time for compliance. FED. R. CIV. P. 45(c)(3)(A)(i); *Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994). These subpoena requires the gathering and labeling of thousands of documents and compliance by May 19, 2008 and is not feasible for a company which is actively conducting business and not a party to this lawsuit.

c. The subpoena subjects Buildings Consulting Associates, Inc. to an undue burden. FED. R. CIV. P. 45(c)(3)(A)(iv); *Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 695 (D.C. Cir. 1996). Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation. *Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir.2004). To determine whether the subpoena presents an undue burden, the following factors are considered: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Id.* Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Id.* A court may find that a subpoena presents and undue burden when the subpoena is facially overbroad. *Id.*

In the subpoena, the Port requests thousands of documents to be produced in native format and by scanned hard copy. In addition, the Port requests that each of the thousands of documents be individually hand notated to include the physical location of the document (approximately 38 different fields according to the Port's subpoenas) on the producing party's computer files. *See* Exhibit "B" to the subpoena. To comply would cost Buildings Consulting Associates, Inc. undue time, expense, burden and hardship. Buildings Consulting Associates, Inc. cannot see any benefit to the Port in having each field inserted on the hard copies of the documents since the Port already has the documents in native format. (As stated *supra*, on April 11, 2008, FMIC produced Buildings Consulting Associates, Inc.'s file relating the Port of New Orleans and Hurricane Katrina as requested in the subpoena.) In addition, the field location of the document is of no relevance to the Port or this litigation. Furthermore, Buildings Consulting Associates, Inc. is not even a party to the litigation and thus the expense and inconvenience greatly outweighs the Port's interests, if any.

d. The subpoena also requires production of electronically stored information from sources that are not reasonably accessible because of undue burden and cost. FED. R. CIV. P. 45(d)(1)(D). Specifically, the following sources were not searched and will not be produced: Buildings Consulting Associates, Inc.'s advertisements and brochures. These materials are not relevant to the Port's causes of action against FMIC and the production of these documents requires the disclosure of Buildings Consulting Associates, Inc.'s trade secrets and other confidential information regarding its very competitive business.

## C. Conclusion

11. The Port's subpoena should be quashed because of deficient service. The Port's overly broad and deficient subpoena should also be quashed because it is unduly burdensome, time consuming and expensive for Buildings Consulting Associates, Inc., to comply and it is not even a party to the lawsuit. Furthermore, FMIC has already produced Buildings Consulting Associates, Inc.'s entire file in native format and scanned hard copy on April 11, 2008. To require Buildings Consulting Associates, Inc. to again produce these documents and to manually supply the 38 different fields on each document would be cumulative, duplicative and unnecessary. Finally, the production of Buildings Consulting Associates, Inc.'s advertisements and brochures which contain trade secrets and other confidential information are not relevant to the lawsuit between the Port and FMIC and harmful to Buildings Consulting Associates, Inc. For these reasons, Buildings Consulting Associates, Inc. asks the court to grant its Motion to Quash and for all other relief as Buildings Consulting Associates, Inc. may show itself justly entitled.

Respectfully submitted,

   /S/  Brian S. Hormozi___
Robert A. Michalak
Illinois State Bar No. 1902911
Michael F. Braun
Illinois State Bar No. 6180471
Brian Hormozi
Illinois State Bar No. 6288254
SCHUYLER ROCHE, P.C.
One Prudential Plaza, Suite 3800
130 East Randolph Steet
Chicago, IL 60601
Telephone (312) 565-2400
Facsimile (312) 565-8300
rmichalak@schuylerroche.com
mbraun@schuylerroche.com
bhormozi@schuylerroche.com

and

Charles B. Mitchell, Jr.
Texas State Bar No.:   14207000
Brooke Ulrickson
Texas State Bar No.:  24035988
BROWN, DEAN, WISEMAN, PROCTOR,
HART & HOWELL, L.L.P.
200 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4905
Telephone:    (817) 332-1391
Facsimile:    (817) 870-2427

## Certificate of Service

I certify that a copy of this Memorandum in Support of Motion to Quash Subpoena *Duces Tecum* was served on the following counsel of record on the 1st day of May, 2008:

| | |
|---|---|
| Gerald O'Brien Gussoni, Jr.<br>Jeffery M. Lynch<br>Francine Weaker<br>Joseph W. Fritz, Jr.<br>Board of Commissioners of the Port of New Orleans<br>1350 Port of New Orleans Place<br>P.O. Box 60046<br>New Orleans, LA 70160<br>gussonib@portno.com<br>lynchj@portno.com<br>weakerf@portno.com<br>fritzj@portno.com | *Via Electronic Mail & US Mail* |
| William W. Hall<br>William W. Hall & Associates<br>3500 N. Hullen Street<br>Metairie, LA 70002<br>wmwhall@bellsouth.net | *Via Electronic Mail & US Mail* |
| Susan G. Guidry, Of Counsel<br>William W. Hall & Associates<br>963 Wilson Drive<br>New Orleans, LA 70019<br>guidrys@portno.com | *Via Electronic Mail & CMRRR* |
| William F. Merlin, Jr.<br>Merlin Law Group, PA<br>777 S. Harbour Island Blvd.<br>Suite 950<br>Tampa, FL 33602<br>wmerlin@merlinlawgroup.com | *Via Electronic Mail & US Mail* |
| Deborah R. Trotter<br>Merlin Law Group, PA<br>718 Dunbar Ave, Suite 1A<br>Bay St. Louis, MS 39520<br>dtrotter@merlinlawgroup.com | *Via Electronic Mail & US Mail* |

Jerry Gette  
R. Tate Gorman  
Shannon M. O'Malley  
Zelle, Hofmann, Voelbel, Mason & Gette, L.L.P.  
1201 Main Street, Suite 3000  
Dallas, Texas 75202  
tgorman@zelle.com  
jgette@zelle.com  
somalley@zelle.com  

*Via Electronic Mail & US Mail*

        /S/       Brian S. Hormozi  
Brian S. Hormozi