IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOARD OF COMMISSIONERS OF | § | CASE NO: 08CV2505RCC |
| THE PORT OF NEW ORLEANS, | § | JUDGE JOHN W. DARRAH |
| | § | MAGISTRATE MICHAEL T. MASON |
| Plaintiff, | § | |
| | § | RELATED TO |
| v. | § | |
| | § | CIVIL ACTION NO. 06-8101 |
| LEXINGTON INSURANCE | § | EASTERN DISTRICT OF LOUISIANA |
| COMPANY, AND FACTORY | § | JUDGE DONALD E. WALTER |
| MUTUAL INSURANCE COMPANY | § | MAGISTRATE ALMA L. CHASEZ |
| | § | |
| Defendants | § | |

**MEMORANDUM IN SUPPORT OF THE BOARD OF COMMISSIONERS OF THE
PORT OF NEW ORLEANS' MOTION TO STAY PROCEEDINGS AND REMIT
RULING ON BUILDING CONSULTING ASSOCIATES, INC.'S
<u>MOTION TO QUASH A SUBPOENA DUCES TECUM</u>**

**I.     <u>Background</u>**

The Board of Commissioners of the Port of New Orleans, hereinafter "Port," is a public

entity of the State of Louisiana.  *See* La. Rev. Stat. Ann. 34:1, *et seq.*  On August 29, 2005,

Hurricane Katrina caused significant damage and destruction to the New Orleans area, including

damage to the twenty-two miles of property located along the Mississippi River that is owned by

the Port.  The underlying dispute between Factory Mutual Insurance Company (hereinafter

"FMIC") and the Port arises out of the Port's claim for these damages pursuant to an "All Risk"

primary commercial insurance policy issued to the Port by FMIC.

Building Consulting Associates, Inc. (hereinafter "BCA") was identified by FMIC in its

Rule 26 disclosures as a consultant retained to prepare reports about particular damages caused

by Hurricane Katrina to the Port's property.  The Port issued and served on BCA a subpoena

requesting production of documents in its possession, custody, and control that are related to its services provided to FMIC in relation to the Port's insurance claim for damages against its insurer.  It was served on April 18, 2008, and it requested production by May 19, 2008. (See Attached Exhibit "A").

## II.    <u>Argument</u>

BCA is one of several consultants of FMIC to which the Port issued subpoenas in April 2008.  All of these consultants retained the same law firm, Brown, Dean, Wiseman, Proctor, Hart & Howell, L.L.P., of Fort Worth, Texas, to object to the subpoenas.  In the two days after serving a letter of objection pursuant to Fed. R. Civ. P. 45(c)(2)(B), counsel for FMIC's consultants filed motions to quash across the country that are substantially and essentially similar to the one filed on behalf of BCA herein.

In addition to filing motions to quash with this and various other courts, counsel for the FMIC consultants, including BCA, filed a Motion for Protective Order in the United States District Court for the Eastern District of Louisiana, where the underlying action is pending.  (See Attached Exhibit "B").  This Motion for Protective Order is set for hearing on May 21, 2008 at 11:00 A.M in the District Court for the Eastern District of Louisiana before Magistrate Judge Alma Chasez.  (See Attached Exhibit "C").

The Motion for Protective Order will necessarily require the District Court for the Eastern District of Louisiana, before which the underlying action is pending, to decide essentially the same issues related to the subpoena at issue as are raised by the Motion to Quash filed in this Court.  The underlying action between the Port and FMIC has been closely followed and presided over by the Honorable Judge Donald E. Walter and Magistrate Judge Alma L. Chasez of the Eastern District of Louisiana.  That court is distinctly familiar with the issues

surrounding the underlying action. The fact that the FMIC consultants have filed the motions for protective order in the Eastern District of Louisiana indicates their agreement that the Louisiana court is the proper court to decide these matters uniformly as to all consultants. It is only logical that the court in which the case is pending make one ruling consistent for all of the subpoenas at issue. *Clausnitzer v. Federal Express Corp*., Slip Copy 2007 WL 2422039 (N.D. GA 2007). Thus, the District Court for the Eastern District of Louisiana is the best positioned Court to decide these discovery issues.

BCA's Motion to Quash a Subpoena *Duces Tecum* will be considered on May 13, 2008. Considering the fact that the challenged subpoena requires response by May 19, 2008, this Court would likely make its ruling on the Motion to Quash by or before May 19, 2008. The District Court for the Eastern District of Louisiana, who is best situated to decide discovery issues, would not be able to decide this important parallel Motion for Protective Order by or before May 19, 2008, because the hearing on that Motion is scheduled on May 21, 2008, six days after production of documents is requested by the subpoena. Thus the Port respectfully requests that this court defer its decision on BCA's Motion to Quash until the District Court for the Eastern District of Louisiana has ruled on BCA's Motion for Protective Order.

Additionally, case law supports a stay of proceedings and remission of decision on BCA's Motion to Quash, pending a ruling from the Louisiana Court on BCA's Motion for Protective Order. See *Floorgraphics, Inc. v. News America Marketing In-Store Services, Inc., et al*., Slip Copy 2007 WL 1544572 (D.Minn. 2007) (where subpoena "issuing" court remitted its decision on a subpoena until the court where the underlying action was pending made its ruling regarding a Motion for Protective Order). *See also Clausnitzer v. Federal Express Corp*., Slip Copy 2007 WL 2422039 (N.D. GA 2007).

Thus, for the foregoing reasons, Plaintiff respectfully requests that this Court stay proceedings and remit ruling on BCA's Motion to Quash a Subpoena *Duces Tecum*, pending a ruling by the United States District Court for the Eastern District of Louisiana on BCA's Motion for Protective Order filed with that Court.

Respectfully submitted,

__/s/ Mark D. DeBofsky_____
Mark D. DeBofsky (IL Bar #03127892 )
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, IL  60603
Telephone: 312-372-5200
Facsimile: 312-372-2778
Fax: 312-372-2778
mdebofsky@ddbchicago.com

and

William W. Hall, (LA Bar #6449)
William W. Hall & Associates
3500 N. Hullen Street
Metairie, LA 70002
Office:  504-388-9056
Cell:  504-388-9056
wmwhall@bellsouth.net

Susan G. Guidry (LA Bar #17679)
Of Counsel
William W. Hall & Associates
Post Office Box 60046
1350 Port of New Orleans Place
New Orleans, Louisiana  70160
Telephone: (504) 528-3232
guidrys@portno.com
sgguidry@cox.net

William F. Merlin, Jr. (FL Bar No. 364721)
 Merlin Law Group, P.A.
777 S. Harbour Island Blvd.
Suite 950
Tampa, Florida 33602

4

Office: 813-229-1000
Fax: 813-229-3692
wmerlin@merlinlawgroup.com

Deborah R. Trotter (LA Bar #29459)
Merlin Law Group, P.A.
718 Dunbar Ave., Suite 1A
Bay St. Louis, MS 39520
Telephone (228) 469-9040
Fax (228) 469-9039
Email dtrotter@merlinlawgroup.com

Brien O. Gussoni, Jr. (LA Bar #1392)
Francine Weaker (LA Bar #18520)
Jeffrey M. Lynch (LA Bar #18313)
Joseph W. Fritz, Jr. (LA Bar #5755)
Board of Commissioners of Port of New
Orleans
1350 Port of New Orleans
New Orleans, LA 70130
P.O. Box 60046
New Orleans, LA 70160
gussonib@portno.com
weakerf@portno.com
lynchj@portno.com
fritzj@portno.com
504-528-3228
504-528-3209 fax

**ATTORNEYS FOR PLAINTIFFS,
Board of Commissioners of the Port of
New Orleans**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 9th day of May, 2008, served a copy of the foregoing pleading on all counsel for all parties by electronic mail, including:

Michael F. Braun                                    Via Electronic Mail
Brian S. Hormozi
Robert A. Michalak
Schuyler Roche, P.C.
130 E. Randolph, Suite 3800
Chicago, IL 60601
mbraun@schuylerroche.com
bhormozi@schuylerroche.com
rmichalak@schuylerroche.com

Charles B. Mitchell, Jr.
Brooke Ulrickson
Brown, Dean, Wiseman et al.
200 Fort Worth Club Building
306 West 7th Street
Fort Worth, TX 76102-4905
cmitchell@browndean.com
bau@browndean.com

H. Jerome Gette                                     Via Electronic Mail
R. Tate Gorman
Thomas H. Cook, Jr.
Shannon M. O'Malley
James W. Holbrook, III
Zelle, Hofmann, Voelbel,
    Mason & Gette, L.L.P.
1201 Main Street, Suite 3000
Dallas, TX  75202
jgette@zelle.com
tgorman@zelle.com
tcook@zelle.com
somalley@zelle.com
jholbrook@zelle.com

Joseph P. Guichet                                   Via Electronic Mail
Ralph S. Hubbard
Rachel Ann Meese
Lugenbuhl, Wheaton, Peck Rankin &
  Hubbard

jguichet@lawla.com
rhubbard@lawla.com
rmeese@lawla.com

__/s/ Mark D. DeBofsky_____
Mark D. DeBofsky (IL Bar # 03127892)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOARD OF COMMISSIONERS OF | § | CASE NO: 08CV2505RCC |
| THE PORT OF NEW ORLEANS, | § | JUDGE JOHN W. DARRAH |
| | § | MAGISTRATE MICHAEL T. MASON |
| Plaintiff, | § | |
| | § | RELATED TO |
| v. | § | |
| | § | CIVIL ACTION NO. 06-8101 |
| LEXINGTON INSURANCE | § | EASTERN DISTRICT OF LOUISIANA |
| COMPANY, AND FACTORY | § | JUDGE DONALD E. WALTER |
| MUTUAL INSURANCE COMPANY | § | MAGISTRATE ALMA L. CHASEZ |
| | § | |
| Defendants | § | |

**LIST OF EXHIBITS TO TO BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR EXPEDITED HEARING ON ITS MOTION TO STAY PROCEEDINGS AND REMIT RULING ON BUILDING CONSULTING ASSOCIATES, INC.'S
MOTION TO QUASH SUBPOENA DUCES TECUM**

| Tab No. | Document |
|---|---|
| A | Subpoena to Building Consulting Associates, Inc. c/o Stanley J. Nieminski and Exhibits A and B. to Subpoena |
| B | Building Consulting Associates, Inc.; Chelsea Place Design, Inc. d/b/a Chealsea Architects or Chelsea Design Investigations; Construction Analysis, Inc.; Crenshaw Consulting Group, LP; Engineering, Design & Testing Corp.; Fisk Electric Company; Gilbane CAT Response; Hagen, Streiff, Newton & Oshiro; McDonald-Mehta Engineers, LLP; Solis Parker & Assoc.; Suncorp Valuations, Inc.; United Salvage; Urban Engineers, Inc.; and Robert L. Wright & Associates, Inc.'s Motion for Protective Order |
| C | Notice of Hearing on Motion for Protective Order |

EXHIBIT "A"

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

_____NORTHERN_____    DISTRICT OF    _____ILLINOIS_____

| | |
|---|---|
| Board of Commissioners of the Port of New Orleans<br>V.<br>Lexington Insurance Company,<br>And Factory Mutual Insurance Company, | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  06-8101, Judge Donald E. Walter<br><span style="font-size:smaller">Pending in the United States District Court for the Eastern District of Louisiana</span> |

TO:    **Building Consulting Associates, Inc.**
c/o Stanley J. Nieminski
6756 N. Harlem Ave.
Chicago, IL 60631

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attached Exhibits "A" and "B"**

| PLACE<br>IKON Office Solutions<br>125 South Wacker Dr., Level B<br>Chicago, IL 60606 | DATE AND TIME<br>May 19th, 2008    9:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    ATTORNEY FOR PLAINTIFF | DATE<br>April 18th, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Susan G. Guidry, Of Counsel, William W. Hall & Associates
Post Office Box 60046, 1350 Port of New Orleans Place, New Orleans, LA 70160
Phone: 504.528.3232

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE *April 24, 2008* | PLACE *Nieminski & Associates, CPAs* |
|---|---|---|
| *06 - 8101* | | *10 Executive Court, Suite 2* |
| **SERVED** | | *South Barrington, IL - 60010* |

| SERVED ON (PRINT NAME) *Stanley J. Nieminski* | MANNER OF SERVICE *Corporate* |
|---|---|
| | *Building Consulting Associates, Inc* |
| | *c/o Stanley J. Nieminski* |

| SERVED BY (PRINT NAME) *George Pierce* | TITLE *Private Detective 115-001381* |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on *April 24, 2008*
DATE

SIGNATURE OF SERVER

*1200 Harger Road, Ste. 500*
ADDRESS OF SERVER

*Oak Brook, IL 60523*

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT "A" TO DOCUMENT SUBPOENA
## TO BUILDING CONSULTING ASSOCIATES, INC.

## DEFINITIONS

As used in the following request for production, the terms listed below shall have the following meaning:

1.    The term "**plaintiff**" or "**Port**" shall mean the Board of Commissioners of the Port of New Orleans and its employees, agents, affiliated entities, successors, predecessors, partners and any other persons or entities acting or purporting to act on its behalf.

2.    The terms "**you**," or "**your**," shall mean Building Consulting Associates, Inc. and its employees, agents, affiliated entities, successors, predecessors, partners and any other persons or entities acting or purporting to act on its behalf.

3.    The term "**defendant**," or "**FMIC**," shall mean and refer to Factory Mutual Insurance Company and its employees, agents, affiliated entities, successors, predecessors, partners and any other persons or entities acting or purporting to act on its behalf.

4.    The term "**person**" shall mean any natural person or persons, or any entity, including without limitation, any corporation, organization or association.

5.    The term "**document**" or "**documents**" is used in its broadest sense and includes, without limitation, drafts, and documents whether printed, recorded, stored or reproduced by any mechanical or electronic process, or written or produced by hand, and including computer tapes (including backup tapes) and all other computer-related documents, within Building Consulting Associates, Inc.'s possession, custody or control. "Documents" shall also include (1) each copy that is not identical to the original or to any other copy, and (2) any tangible thing that is called for by or identified in response to any request. "Document" as used herein shall be construed broadly to include all documents and things within the scope of Federal Rules of Civil Procedure, and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded. It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; drafts; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents; accounts; telegrams; studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations and meetings; written statements; transcripts of recorded statements; recorded

statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards or printouts; invoices and records of payment; graphs; journals; agendas; manuals; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents." **The term "document" or "documents" are specifically intended to include email and "Electronically Stored Information" as defined below.**

6.  "**Electronically Stored Information**" shall include, but is not limited to, all email text files, including word processing documents, spreadsheets, graphical image format (gif) files, and all other graphical form images, data bases, calendar and scheduling information. If the requested information is kept in a computer or informational storage or retrieval system, the term also included such codes, programming instruction and other material as necessary to retrieve and understand the information.

7.  The terms "**relate to**," or "**relating to**" are to be interpreted in their broadest sense to mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the request.

8.  The terms "**and**," and "**or**" shall be read conjunctively or disconjunctively, as required, to encompass the broadest amount of information and material.

9.  The term "**native**" shall mean Electronically Stored Information in the electronic format of the application in which Electronically Stored Information is normally created, viewed and/or modified.  Native files are a subset of electronically stored information.

## INSTRUCTIONS

The following instructions apply to your production of documents in response to the subpoena:

1.  Please produce all documents that are in your possession, custody or control.

2.  This request for production of documents shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agents or representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial that are responsive to the requests.

Exhibit "A"

3. If any documents covered by this request for production of documents are withheld by reason of a claim of privilege, work product immunity or other ground of non-production, a privilege log is to be furnished at the time that documents are produced identifying each such documents for which the privilege is claimed specifically by its nature (*e.g.*, letter, memorandum, etc.) together with the following information with respect to any such documents withheld: author; recipient; sender; indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph of this request for production of documents to which such document relates.

4. In the event that any document called for by this request for production of documents has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

5. The "form" of production should be pursuant to Fed. R. Civ. P. 45, as requested by the Port's counsel in the document labeled as Exhibit "B" attached hereto.

6. If there is any question as to the meaning of any part of these requests for production of documents, please promptly contact the Port's counsel for an explanation.

## DOCUMENTS TO BE PRODUCED

Pursuant to Rule 45 (a)(1)(D), please produce all documents requested below in the form of production as defined in the attached Exhibit "B."

1. A copy of your document retention and destruction policies in effect from August 1, 2005, to the present date, including any amendment or revisions thereto, and including any policies related to retention and preservation of electronically stored information.

2. All correspondence, including emails, between you and FMIC relating in any way to the Port or the Port's insurance claims arising from or resulting from Hurricane Katrina.

3. All correspondence, including emails, between you and the Port.

4. All correspondence, including emails, between you and any other person relating in any way to the Port or the Port's insurance claims arising from or resulting from Hurricane Katrina.

Exhibit "A"

5.    All correspondence, including emails and inter-office communications, between or among your agents, representatives, employees, predecessors, successors and any person acting or purporting to act on your behalf relating in any way to the Port or the Port's claims arising out of or resulting from Hurricane Katrina.

6.    All photographs, videos, sketches, drawings, and other graphic representations, audio tapes, and all photographic, videotape and audiotape logs relating in any way to the Port or the Port's insurance claims arising from or resulting from Hurricane Katrina.

7.    All reports, including draft reports, preliminary reports and final reports, of any nature, including without limitation, financial reports, estimates, evaluations, spreadsheets, analyses, appraisals, (whether in electronic form or written form), provided to you at any time relating in any way to the Port or the Port's insurance claims arising from or resulting from Hurricane Katrina.

8.    All reports, including draft reports, preliminary reports and final reports, of any nature, including without limitation, financial reports, estimates, evaluations, spreadsheets, analyses, appraisals, (whether in electronic form or written form), provided by you at any time to FMIC relating in any way to the Port or the Port's insurance claims arising from or resulting from Hurricane Katrina.

9.    All reports, including draft reports, preliminary reports and final reports, of any nature, including without limitation, financial reports, estimates, evaluations, spreadsheets, loss valuation, appraisals, (whether in electronic form or written form), provided by you at any time to any other person relating in any way to the Port or the Port's insurance claims arising from or resulting from Hurricane Katrina.

10.    All documents, including without limitation, agendas, minutes, and notes of meetings, that relate to any discussions and meetings between or among your agents, representatives, employees, predecessors, successors and any person acting or purporting to act on your behalf relating in any way to the Port or the Port's insurance claims arising out of or resulting from Hurricane Katrina.

11.    All documents, including without limitation, agendas, minutes, and notes of meetings, that relate to any discussions and meetings between you and FMIC relating in any way to the Port or the Port's insurance claims arising out of or resulting from Hurricane Katrina.

Exhibit "A"

12.    All documents, including without limitation, agendas, minutes, and notes of meetings, that relate to any discussions and meetings between you and any other person relating in any way to the Port or the Port's insurance claims arising out of or resulting from Hurricane Katrina.

13.    The entire files of any employee of yours relating to the Port or the Port's insurance claims arising out of or resulting from Hurricane Katrina.

14.    All contracts between you and FMIC from January 1, 2003 to the present.

15.    All documents, including without limitation, notes, reports, correspondence, invoices, memoranda, computer generated data, schedules, working papers, audio tapes, photographs, videotapes, guidelines, formulas and calculations, that were furnished to you, reviewed by you, and/or used by you in formulating and/or rendering any and all opinions, findings and/or analyses relating to the Port or the Port's insurance claim arising out of or resulting from Hurricane Katrina.

16.    All documents, including without limitation, notes, reports, correspondence, invoices, memoranda, computer generated data, schedules, working papers, audio tapes, photographs, videotapes, guidelines, formulas and calculations, prepared by you in formulating and/or rendering any and all opinions, findings and/or analyses prepared by you in formulating any or all opinions relating to the Port or the Port's insurance claim arising out of or resulting from Hurricane Katrina.

17.    All documents, including without limitation, advertisements and brochures that you provide to clients or potential clients that describe the types of services that you provide or provided at any time between August 1, 2005 and the present.

18.    All invoices and/or billing statements, and all correspondence regarding same, presented to FMIC or any other person for services you rendered relating to the Port or the Port's insurance claim arising out of or resulting from Hurricane Katrina.

<u>EXHIBIT "B"</u>

# Port of New Orleans Form of Production for Subpoena Responses:

## 1. Document Types

For the purposes of this request, the documents will be grouped into the following categories:

1) **Email:** Messages created using Microsoft Exchange, Outlook, Outlook Express, Lotus Notes, GroupWise, or other electronic mail system. Examples of file extensions related to email include: PST, MSG, EML, EDB, and NSF.
2) **Email Attachments:** Native files sent as part of an email message unit. There are numerous file extensions possible for email attachments, but common extension include DOC, XLS, PDF, PPT, JPG, BMP, WPD.
3) **E-Docs:** Native files found on storage devices such as computer hard drives, portable hard drives, portable flash memory devices ("thumb drives"), CDs, DVDs, shared servers, and document management systems.
4) **Scanned Hard Copy Docs:** Hard copy (paper) documents scanned into a tagged image file format (TIFF).

## 2. Metadata Load File

A delimited load file containing the extracted metadata from the native files should be included with each production. The extracted metadata should represent the files' data as the files sit on the source drives. Any change to the metadata resulting from file transfers or file copying (e.g. created or modified dates) may be deemed to materially alter the usefulness of the produced data. To ensure that metadata is preserved, all data should be collected and produced using forensically sound methods.

The file must use standard Concordance delimiters and be in Concordance data file format (DAT). The same load file format should be used for all types of docs, regardless of whether or not all fields are populated (for example, e-docs will not contain "to/from" metadata as would an email message, so that field may be left blank but should nevertheless be included):

**Full List of Requested Fields:**

| Field# | Field Name | Description |
|---|---|---|
| 1 | Custodian | Name of the owner or custodian of the document. |
| 2 | Volume | Volume number as found on production media (see Section 7) |
| 3 | BegDoc# | First production Bates number assigned to the document. This will be the field to which the TIFF images will be linked. |
| 4 | EndDoc# | Last production Bates number assigned to the document. |
| 5 | BegAttach | First production Bates number assigned to the email message unit.[1] |
| 6 | EndAttach | Last production Bates number assigned to the email message unit. |
| 7 | Filename | Original filename of native file. |
| 8 | SourceFile | Fully qualified original path including filename. This will be the field to which the native file will be linked. |
| 9 | DateCreated | Creation date of the native file. |
| 10 | TimeCreated | Creation time of the native file. |
| 11 | DateLastMod | Date the native file was last modified. |
| 12 | TimeLastMod | Time native file was last modified. |
| 13 | Subject | Subject field value extracted from metadata of native file. |
| 14 | Title | Title field value extracted from the metadata of the native file. |
| 15 | Comments | Comments field value pulled from the metadata of the native file. |
| 16 | Filesize | Size of native file, in bytes. |
| 17 | To | Main recipient(s) of the e-mail message. |
| 18 | From | Sender of the e-mail message. |
| 19 | CC | Recipient(s) of "Carbon Copies" of the e-mail message. |

| 20 | BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
|---|---|---|
| 21 | EMail_Subject | Subject of the e-mail message. |
| 22 | DateSent | Sent date of an e-mail message. |
| 23 | TimeSent | Time the e-mail message was sent. |
| 24 | DateRcvd | Received date of an e-mail message. |
| 25 | TimeRcvd | Time the e-mail message was received. |
| 26 | Attachmt | Populates parent records with BegDoc# of each attached record, separated by semi-colons. |
| 27 | Attach | Populates parent records with original filenames of all attached records, separated by semi-colons. |
| 28 | AttRange | Stores BegDoc# of parent record and EndDoc# of last attachment record, separated by a hyphen. Populated for all records in the family (parent and attachment(s)). |
| 29 | DocExt | File extension of native file. May show original extension or suggested extension, depending on state of "auto-assign ext." option in EDLoader. |
| 30 | EntryID | Unique identifier of e-mails in mail stores. |
| 31 | FileDescription | Description of native file type, as listed in file type database. |
| 32 | IntMsgID | Internet Message ID assigned to an e-mail message by the outgoing mail server. |
| 33 | MD5Hash | Unique identifier, similar to a "fingerprint". Uses 128-bit encryption. May be used for de-duping purposes. |
| 34 | PgCount | Number of pages in a document (image records). |
| 35 | SourceApp | Source application assigned to the native file, as specified in the file type database. This application will be used to print the file during the e-Print and TIFF Conversion batch processes. |
| 36 | BoxNum | Box number for any document (including paper) collected from a storage box, whether on-site or offsite. This number could be the number assigned by an offsite storage company (e.g. Iron Mountain) or a number assigned internally by the record keeper. |
| 37 | Folder_Tab_Label | Text contained on the tab or label of the file folder from which a hard copy document was collected. If multiple file labels are present, separated two dashes (--). |
| 38 | Text | Extracted text from email and e-doc files. OCRed text for hard copy documents. |

**Concordance Standard Delimiters:**

| Comma | = | (020) |
|---|---|---|
| Quote | = | (254) |
| New Line | = | (174) |

(Hard return only for each new record)

## 3. Image Load File

An Opticon load file must accompany all production materials to enable us to load the documents into a review tool.

**The fields in the Opticon file will be:**
Image Key without the file extension, Volume, Path, Document Breaks, and Page Count. (A comma will separate all fields.) Please note that the "PREFIX" should be determined by the producing party.

**Sample .opt file format:**
PREFIX-00000001,PREFIX001,\001\PREFIX-00000001.tif,Y,,,2
PREFIX-00000002,PREFIX001,\001\PREFIX-00000002.tif,,,,
PREFIX-00000003,PREFIX001,\001\PREFIX-00000003.tif,Y,,,2
PREFIX-00000004,PREFIX001,\001\PREFIX-00000004.tif,,,,
PREFIX-00000005,PREFIX001,\001\PREFIX-00000005.tif,Y,,,1

## 4. Production Format by Document Type

**a. Email and Email Attachments:** All email messages should be produced as both TIFF images and in native file format (for example, MS Outlook emails should be produced as both TIFF and MSG files). The TIFF images should be created in a manner mirroring how those messages would appear if they were printed from the native email application (MS Outlook, Lotus Notes, Groupwise, etc):

**b. E-Docs:** All e-docs should be produced as both TIFF images and in native file format (for example, Excel files are both TIFF and XLS files):

**c. Scanned Hard Copy Documents:** All responsive hard copy documents should be produced as TIFF images with appropriate bibliographic coding applied to identify fields 36 and 37 in the metadata list outlined in Section 2.

## 5. TIFF Format

All TIFF images delivered pursuant to Section 4 should be delivered in the following format:

- 300 dpi resolution
- TIFF file format
- Group IV compression
- Single page format (not multi-page)
- Logical unitization (document-level breaks)

## 6. Production Document Numbering

All documents produced should be given a sequential production number (Bates Number). Documents produced as TIFF images should be assigned a production number per page. Documents produced in native format should be assigned a single production number per file.

a. Email, E-Docs, and Scanned Hard Copy Documents should be endorsed with the production numbers in the lower right-hand corner of each page in a manner at to not cover any of the original body of the document. The pages may also be endorsed in the lower left-hand corner with any special production marks such as "Confidential" that you may desire. The single-page TIFF files should be named with the production Bates number assigned to each document. For example, if the production number of a produced page is "PREFIX-00000001", the file name of the associated TIFF would be "PREFIX-00000001.tif"

b. For files being produced natively, the files should be renamed with their respective bates numbers. The original filename will show up in the DAT file or any load file that is created for production.

## 7. Production Delivery Format

All production materials should be sent on read-only optical disks (such as CD-ROMs or DVDs) or on portable hard drives:

- One Volume ID per piece of media. Volume IDs are increased incrementally for each additional piece of media. Documents must not have pages on two different pieces of media.
- All load files described in this document should be saved in a folder named "DATA".
- Images should be saved on the media in a folder named "IMAGES". Image sub-folders should be used and named starting at "001", increasing incrementally while maintaining the three number padding. There should be no more than 1,000 images per sub-folder. Documents should not have pages spanning more than one sub-folder.
- Native files should be saved in a folder named "NATIVE".

## 8. Follow-up for Additional Questions

If any questions arise from this document as you begin your data processing or production activities, we are available to discuss in a collaborative environment to clarify our request. Please submit all requests to discuss this document to: Susan Guidry at (504) 528-3232 or via email at GUIDRYS@portno.com.

---

[1] An "email message unit" is defined as all documents purposefully attached or linked electronically to each other. With native documents this generally only applies to email files where the email is the parent of the family and other documents are "attached" and denoted as the attachment range. Container files such as PST, NSF, ZIP, RAR files that contain multiple documents should NOT be treated as email family units

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS | § § § | CIVIL ACTION NO. 06-8101 |
| Plaintiff, | § § | |
| v. | § § | JUDGE DONALD E. WALTER |
| LEXINGTON INSURANCE COMPANY, AND FACTORY MUTUAL INSURANCE COMPANY, | § § § | MAGISTRATE ALMA L. CHASEZ |
| Defendants. | § § | |

**BUILDING CONSULTING ASSOCIATES, INC.; CHELSEA PLACE DESIGN, INC. D/B/A CHELSEA ARCHITECTS or CHELSEA DESIGN INVESTIGATIONS; CONSTRUCTION ANALYSIS, INC.; CRENSHAW CONSULTING GROUP, LP; ENGINEERING, DESIGN & TESTING CORP.; FISK ELECTRIC COMPANY; GILBANE CAT RESPONSE; HAGEN, STREIFF, NEWTON & OSHIRO; MCDONALD-MEHTA ENGINEERS, LLP; SOLIS PARKER & ASSOC.; SUNCORP VALUATIONS, INC.; UNITED SALVAGE; URBAN ENGINEERS, INC.; and ROBERT L. WRIGHT & ASSOCIATES, INC.'S**
<u>**MOTION FOR PROTECTIVE ORDER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Building Consulting Associates, Inc.; Chelsea Place Design, Inc. (d/b/a

Chelsea Architects or Chelsea Design Investigations); Construction Analysis, Inc.; Crenshaw

**Motion for Protective Order**                                                                                     Page 1



Consulting Group, LP; Engineering, Design & Testing Corp.; Fisk Electric Company; Gilbane CAT

Response; Hagen, Streiff, Newton & Oshiro; McDonald-Mehta Engineers, LLP; Solis Parker &

Assoc.; Suncorp Valuations, Inc.; United Salvage; Urban Engineers, Inc.; and Wright & Associates,

Inc. (hereinafter collectively "Movants") and, for the reasons given in the attached supporting

memorandum, move that the Court issue an order protecting them from the subpoenas served on

each of them during the period from April 14, 2008 through April 29, 2008 by Plaintiff, the Board

of Commissioners of the Port of New Orleans.

Respectfully submitted,

Robert L. Redfearn, Jr.
Louisiana Bar No: 17106
SIMON, PERAGINE, SMITH & REDFEARN, LLP
1100 Poydras Street, 30th Floor
New Orleans, Louisiana  70163-3000
Telephone:  (504) 569-2030
Facsimile: (504) 569-2999

**LEAD ATTORNEY-IN-CHARGE**
and
OF-COUNSEL
Charles B. Mitchell, Jr.
Texas Bar No.:  14207000
Federal I.D. No.:  16627
Brooke Ulrickson
Texas Bar No.: 24035988
BROWN, DEAN, WISEMAN, PROCTOR, HART &
HOWELL, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-4905
Telephone:    (817) 332-1391
Facsimile:    (817) 870-2427

**ATTORNEYS FOR MOVANTS**

## Certificate of Service

I certify that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

New Orleans, Louisiana, this 1st day of May, 2008.

Robert L. Redfearn, Jr.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOARD OF COMMISSIONERS OF | § | |
| THE PORT OF NEW ORLEANS | § | CIVIL ACTION NO. 06-8101 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JUDGE DONALD E. WALTER |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| AND FACTORY MUTUAL INSURANCE | § | |
| COMPANY, | § | MAGISTRATE ALMA L. CHASEZ |
| | § | |
| Defendants. | § | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Building Consulting Associates, Inc.; Chelsea Place Design,

Inc. (d/b/a Chelsea Architects or Chelsea Design Investigations); Construction Analysis, Inc.;

Crenshaw Consulting Group, LP; Engineering, Design & Testing Corp.; Fisk Electric Company;

Gilbane CAT Response; Hagen, Streiff, Newton & Oshiro; McDonald-Mehta Engineers, LLP; Solis

Parker & Assoc.; Suncorp Valuations, Inc.; United Salvage; Urban Engineers, Inc.; and Wright &

Associates, Inc. (hereinafter collectively "Movants") will bring on for hearing on Wednesday, May

21, 2008, at 11:00 o'clock a.m., before the Honorable Alma L. Chasez United States Magistrate



Judge for United States District Court, Eastern District of Louisiana, 500 Poydras Street, New

Orleans, Louisiana 70130, the accompanying Motion for Protective Order.

Respectfully Submitted,

_____

Robert L. Redfearn, Jr.
Louisiana Bar No: 17106
SIMON, PERAGINE, SMITH & REDFEARN, LLP
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Facsimile: (504) 569-2999

**LEAD ATTORNEY-IN-CHARGE**
and
OF-COUNSEL
Charles B. Mitchell, Jr.
Texas Bar No.: 14207000
Federal I.D. No.: 16627
Brooke Ulrickson
Texas Bar No.: 24035988
BROWN, DEAN, WISEMAN, PROCTOR, HART &
HOWELL, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, Texas 76102-4905
Telephone:    (817) 332-1391
Facsimile:    (817) 870-2427

**ATTORNEYS FOR MOVANTS**

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the

Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record

by operation of the court's electronic filing system.

New Orleans, Louisiana, this 1st day of May, 2008.

_____

Robert L. Redfearn, Jr.

N:\DATA\U\15443001\USDC EDLA filings\notice of hearing.wpd

3